Submitted on record and briefs February 21, affirmed May 3, reconsideration denied May 26, petition for review allowed August 29, 1989 (308 Or 315)

RAMIREZ,
*Appellant,*

*v.*

SELLES et al,
*Defendants,*

*and*

BAILEY et al,
*Respondents.*

(87-243-CV; CA A49594)

772 P2d 952

Glenn D. Ramirez, Klamath Falls, filed the briefs *pro se* for appellant.

Robert L. Cowling, and Cowling & Heysell, Medford, filed the brief for respondents.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiff attorney appeals from a judgment in favor of defendant attorneys Ganong, Crane and Bailey.[1] Plaintiff argues that the trial court erred in dismissing his claims of negligence and intentional interference with an economic relationship. ORCP 21A(8). We affirm.

In his negligence claim, plaintiff alleges that Crane and Bailey were negligent in representing plaintiff's former clients, thereby rendering the clients insolvent and unable to pay plaintiff's fees. However, plaintiff does not allege facts from which a factfinder could determine that defendants knew or should have known of an unreasonable risk of harm to persons in plaintiff's position. Thus, plaintiff fails to state a claim. *See Solberg v. Johnson*, 306 Or 484, 490-91, 760 P2d 867 (1988).

In his claim for intentional interference with an economic relationship, plaintiff alleges these facts. Plaintiff was employed as an attorney by George and Elaine Selles. George was a judgment debtor. The judgment creditor executed against property belonging to both George and Elaine. The judgment creditor also executed against partnership assets belonging to the Selleses and to Steven and Joanne Carson. The Selleses authorized plaintiff to prepare a motion for a new trial and a cross-claim on behalf of Elaine against the judgment creditor. Because a conflict developed, plaintiff advised Elaine and the Carsons to obtain independent counsel.

Joanne contacted defendant Ganong for legal advice. Ganong was the attorney for a business owned by Steven and Steven's father. Ganong had Joanne, as the Selleses' agent, instruct the Selleses to terminate plaintiff's employment. Ganong referred the Selleses and Joanne to attorney Bailey, doing business as the law firm of Crane and Bailey, which advised the Selleses not to pay plaintiff for his work and services, terminate plaintiff's employment and change their version of the prior proceeding to place the blame for the results on plaintiff.[2] As a result, the Selleses terminated

---

[1] Defendants Selles are not parties to the appeal.

[2] Apparently, plaintiff is the subject of a professional malpractice claim brought by the Selleses. Whatever involvement Crane and Bailey may have with that claim, it is extraneous to a claim for intentional interference with an economic relationship.

plaintiff's employment.

Plaintiff further alleges that Ganong acted "with the intention of injuring Plaintiff economically" and was "motivated by malice and personal ill will toward Plaintiff, intending to cause Plaintiff loss and damage." He alleges that Bailey "intended to and did cause Plaintiff inner [sic] economic loss, loss of his employment and the fees and costs that he had expended to date."

Because plaintiff alleges facts showing that defendants are business competitors of plaintiff, plaintiff must also allege facts showing that they were not privileged to interfere with the relationship between plaintiff and his clients. *See North Pacific Lbr. v. Moore,* 275 Or 359, 369, 551 P2d 431 (1976). The "privilege" is described in *Restatement (Second) Torts* § 768(1) (1979):

"(1)   One who intentionally causes a third person not to enter into a prospective contractual relation with another who is his competitor or not to continue an existing contract terminable at will does not interfere improperly with the other's relation if

"(a)   the relation concerns a matter involved in the competition between the actor and the other and

"(b)   the actor does not employ wrongful means and

"(c)   his action does not create or continue an unlawful restraint of trade and

"(d)   his purpose is at least in part to advance his interest in competing with the other."

*See also North Pacific Lbr. v. Moore, supra,* 275 Or at 369; *Ron Tonkin Gran Turismo v. Wakehouse Motors,* 46 Or App 199, 210-211, 611 P2d 658, *rev den* 289 Or 373 (1980); *Jolma v. Steinbeck,* 40 Or App 657, 668, 668 n 4, 596 P2d 980, *rev den* 287 Or 409 (1979).

The only allegations made by plaintiff that might negate defendants' privilege are that defendants intended to injure plaintiff economically. We assume all facts pled to be true. *Sager v. McClendon,* 296 Or 33, 35, 672 P2d 697 (1983). Even so, if defendants intended to injure plaintiff economically, their purpose would, by inference, be at least in part to advance their interest in competing with plaintiff.

Therefore, the complaint fails to negate the privilege of defendants as business competitors. That being the case, defendants' interference was privileged. We hold that plaintiff has failed to allege ultimate facts sufficient to state a claim of intentional interference with an economic relationship.

Affirmed.