Argued and submitted September 29, the decision of the Court of Appeals and judgment of the circuit court affirmed in part and reversed in part and remanded to the circuit court for further proceedings December 28, 1989

RAMIREZ,
*Petitioner on Review,*

*v.*

SELLES et al,
*Defendants (below),*

*and*

BAILEY et al,
*Respondents on Review.*

(TC 87-0243-CV; CA A49594; SC S36167)

784 P2d 433

Glenn D. Ramirez, Klamath Falls, argued the cause and filed the petition for review *pro se.*

Robert C. Cowling, Medford, argued the cause for respondents on review.

LINDE, J.

**LINDE, J.**

Plaintiff, a lawyer, appealed dismissal under ORCP 21 of his complaint against defendant lawyers for damages caused by their alleged negligence and interference with plaintiff's professional employment. The Court of Appeals affirmed the dismissal, 96 Or App 340, 772 P2d 952 (1989), and we allowed review primarily to examine which party must plead what allegations in an action for intentional interference with an economic relationship. For the following reasons, we reverse the decision of the Court of Appeals and the judgment of the circuit court on that issue and remand the case to the circuit court.

■ The Court of Appeals summarized the allegations of plaintiff's claim for intentional interference with his contract of professional representation as follows:

"Plaintiff was employed as an attorney by George and Elaine Selles. George was a judgment debtor. The judgment creditor executed against property belonging to both George and Elaine. The judgment creditor also executed against partnership assets belonging to the Selleses and to Steven and Joanne Carson. The Selleses authorized plaintiff to prepare a motion for a new trial and a cross-claim on behalf of Elaine against the judgment creditor. Because a conflict developed, plaintiff advised Elaine and the Carsons to obtain independent counsel.

"Joanne contacted defendant Ganong for legal advice. Ganong was the attorney for a business owned by Steven and Steven's father. Ganong had Joanne, as the Selleses' agent, instruct the Selleses to terminate plaintiff's employment. Ganong referred the Selleses and Joanne to attorney Bailey, doing business as the law firm of Crane and Bailey, which advised the Selleses not to pay plaintiff for his work and services, terminate plaintiff's employment and change their version of the prior proceeding to place the blame for the results on plaintiff. As a result, the Selleses terminated plaintiff's employment.

"Plaintiff further alleges that Ganong acted 'with the intention of injuring Plaintiff economically' and was 'motivated by malice and personal ill will toward Plaintiff, intending to cause Plaintiff loss and damage.' He alleges that Bailey 'intended to and did cause Plaintiff inner [sic] economic loss, loss of his employment and the fees and costs that he had expended to date.' " (Footnote omitted.)

96 Or App at 342-43. The Court of Appeals then continued with this statement:

"Because plaintiff alleges facts showing that defendants are business competitors of plaintiff, plaintiff must also allege facts showing that they were not privileged to interfere with the relationship between plaintiff and his clients."

96 Or App at 343. The court found no allegations by plaintiff that adequately negated defendants' privilege to advance their own interests by competing with plaintiff. The legal question therefore is whether defendants must allege facts that bring their conduct within the privilege of competitors to interfere with another's contract or whether a complaint that on its face shows defendants' status as competitors must also allege facts to negate the privilege.

The Court of Appeals cited *North Pacific Lbr. v. Moore,* 275 Or 359, 369, 551 P2d 431 (1976), where this court stated that the plaintiff "was required to prove that [defendant] purposely caused a third person not to continue a business relation with plaintiff and that [defendant] was not privileged to do so." Subsequently, this court held that once the complaint alleges an intentional interference with a contractual relationship for an improper motive or by improper means, a defendant's privilege is a matter of defense and the absence of privilege is not a part of plaintiff's affirmative case. "No question of privilege arises unless the interference would be wrongful but for the privilege; it becomes an issue only if the acts charged would be tortious on the part of an unprivileged defendant." *Top Service Body Shop v. Allstate Ins. Co.,* 283 Or 201, 582 P2d 1365 (1978). A defendant therefore can obtain dismissal of a complaint that does not allege the necessary factual elements of the tort by an unprivileged defendant. But what if facts giving rise to a potential privilege, here the privilege of business competition, appear on the face of the complaint? *Top Service Body Shop* continued: "Even a recognized privilege may be overcome when the means used by defendant are not justified by the reason for recognizing the privilege." 283 Or at 210. The defense of a competitor's privilege depends on remaining "within the reason for recognizing the privilege."

The preconditions for a competitor's privilege to interfere with an existing contractual relationship are far less

certain than the Court of Appeals seems to have assumed. The uncertainty is reflected in the Restatement (Second) of Torts, § 767 (1977), which evades stating any firm rule by the usual device of listing various factors, of which factor (d) is "the interest sought to be advanced by the actor." The comment to this clause distinguishes between a competitor's interference with an existing and with a prospective contractual relationship, stating that the actor's economic self-interest normally yields to established contractual rights. The comment continues: "Of course, the interest in gratifying one's feeling of ill will toward another carries no weight." Restatement (Second) of Torts, § 767, *comment* (d) at 34 (1977). Section 768(2) states:

> "The fact that one is a competitor of another for the business of a third person does not prevent his causing a breach of an existing contract with the other from being an improper interference if the contract is not terminable at will."

A recent treatise reports that the "privilege of competition, as such, traditionally extends only to interference with probable expectancies (including those under contracts terminable at will). It does not, in conventional theory, justify interference with existing enforceable contract relations." 2 Harper, James and Gray, The Law of Torts 356, § 6.13 (2d ed 1986). After pointing out the ambivalence reflected in the Restatement's discussion of the privilege of competition, *id.* at 358-59, the treatise notes that competitive interference with another's contract is not always improper:

> "The bounds of the privilege of competition with expectancies or with contracts terminable at will may be described as limited by the actor's intention and by the character of the practices employed. Stated in other words, competition in trade, business, or occupation affords a privilege to interfere with relations of prospective economic advantage (1) so long as the competitor's purpose is regarded as justifiable in the sense that it is within the limits of the accepted ethical code applicable to such transactions, and (2) so long as one does not resort to fraud or deception or other means that are regarded as 'unfair' in the sense that they are outside the limits of current business mores."

2 Harper, James and Gray, *supra,* at 360.

Lawyers are free within professional limits to compete for clients. Apart from the privilege to compete, an attorney consulted by a client or prospective client may have

legitimate reason to advise the client to terminate the prior attorney-client relationship. The privilege of "competition," however, does not apply if a lawyer sets out to destroy another's relationship with a client when the lawyer does not seek to represent that client. Nor can an interfering lawyer claim a privilege of competition when the lawyer is professionally precluded from undertaking the client's representation by conflicting interests or otherwise. Thus, an allegation of such a motive saves a complaint from a motion to dismiss.

In the present case the third amended complaint alleged that defendant Ganong represented a partnership business of Steven Carson and his father which would be jeopardized by execution of a judgment on property of Elaine Selles that was used in another partnership business in which Elaine Selles and Joanne and Steven Carson were interested. This was the matter in which plaintiff represented Elaine Selles. The complaint alleged (with some grammatical obscurity) that Ganong, through Joanne Carson, advised George and Elaine Selles to terminate plaintiff's employment, that Ganong did so "with the intention of injuring plaintiff economically and with the knowledge that there was a conflict of interest" in his representing both businesses, and that Ganong's actions "were motivated by malice and personal ill will toward plaintiff." Those allegations do not on their face show that Ganong's acts would be privileged as those of a competitor.

Against defendants Bailey and Crane, the allegations depend on interpretation. The complaint does not charge Bailey and Crane with an improper motive of malice and personal ill will, as it alleged against Ganong. But it may allege improper means when it states that Bailey and Crane told George and Elaine Selles "to change their versions of the prior proceeding to place the blame for the results thereof on plaintiff so that George and Elaine Selles did terminate the employment of plaintiff." It is unclear whether the lawyers advised the Selleses to "change their versions of the prior proceeding" to a version that the lawyers knew to be false, but if so, this would allege facts sufficient to constitute interference with plaintiff's contract by impermissible means. In any event, this was not the basis of the decision of the Court of Appeals. On remand, the circuit court has the opportunity to obtain clarification of the relevant paragraph and rule accordingly.

■ ■   We affirm the dismissal of plaintiff's negligence claim. The complaint alleged that Bailey and Crane, besides causing the Selleses to discharge plaintiff and to make financial claims against him, were negligent in their representation of plaintiff's former clients and caused them to become insolvent, so that they could not pay the fees that they owed plaintiff. Negligent injury to one person that harms another's contract or other economic relationship is not a tort, at least not unless some duty of defendant outside negligence law itself protects the injured interest of the plaintiff against negligent invasion. *Cf. Hale v. Groce,* 304 Or 281, 744 P2d 1289 (1987); *Ore-Ida Foods v. Indian Head,* 290 Or 909, 627 P2d 469 (1981); *McEvoy v. Helikson,* 277 Or 781, 562 P2d 540 (1977). *See also Bane v. Ferguson,* 890 F2d 11 (7th Cir 1989) (under Illinois law, lawyers not liable for negligently causing loss of former partner's pension by mismanaging law firm).

The decision of the Court of Appeals and the judgment of the circuit court are affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.