951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David ANDRESEN; Glen Barth; Nora Barth; George Bernert;
Marilyn Bernert; Wade Boner, et al., Plaintiffs-Appellants,
v.
David Alan HUNT; Robert Lee Gottier; Ronald George
Vogeltanz; Linda Stockwell; Vincent Davis, Jr.;
James Rommel, et al.,; Defendants,
Allan A. Fulsher; Henry L. Bauer; Andrew H. Winfree;
Samuel Anderson Jay M. Fountain; William D.
Schaub; Bauer, Winfree, Anderson,
Fountain & Schaub, P.C.,
Defendants-Appellees.
 No. 90-35455.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1991.*
Decided Dec. 16, 1991.
 
 Appeal from the United States District Court for the District of Oregon; No. CV-85-2187-WMD, William M. Dale, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before: ALARCON, FERGUSON and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs, who number 177, invested in an "offshore bank" known as First Colonial Bank, and later known as Pac-Rim, Inc. The plaintiffs expected a 25-40% return on their investments. Instead, the investments have become worthless. Plaintiffs sued 18 defendants, including the six appellees, who are attorneys. Plaintiffs alleged that the attorneys were liable to plaintiffs under federal and state securities laws, the federal RICO statute, Oregon's RICO statute, Oregon's common law of negligence, AND COMMON LAW FRAUD. The district courts below dismissed all of plaintiffs' claims on the pleadings under Federal Rule 12(b)(6). Fed.R.Civ.P. 12(b)(6). The district courts dismissed plaintiffs' federal section 12(2) claim and plaintiffs' state claim for the sale of unregistered securities without prejudice. The district courts also dismissed plaintiffs' remaining state and federal fraud claims, and plaintiffs' state negligence claim, with prejudice. Plaintiffs appeal the dismissal of each of their federal claims. Plaintiffs also appeal the dismissal of each of their state claims, with the exception of their state claim for the sale of unregistered securities, which was dismissed for lack of pendent jurisdiction. We affirm.
 
 
 3
 * Plaintiffs make three federal law claims for relief. First, plaintiffs allege violations of section 12(2) of the Securities Act of 1933, 15 U.S.C. § 771 (2). Second, plaintiffs allege violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Third, plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. The district court properly dismissed each of plaintiffs' federal claims.
 
 
 4
 Plaintiffs' section 12(2) claim fails against the defendant attorneys because the attorneys are not "sellers" within the meaning of section 12(2). Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 536 (9th Cir.1989). "These professionals are only subject to section 12(2) liability if they solicited the purchases and were motivated, at least in part, by financial gain." Id. at 537. As the district court noted below, plaintiffs have failed to allege that the defendant attorneys solicited plaintiffs' purchases of securities.
 
 
 5
 Further, plaintiffs have not established "controlling person" liability for the alleged section 12(2) violations of others under section 15 of the Securities Act of 1933, 15 U.S.C. § 77o. In their Fifth Amended Complaint, plaintiffs catalog the wrongful acts that defendant attorneys are alleged to have undertaken. Fifth Amended Complaint at 13-18. These allegations make clear that the defendant-attorneys, far from controlling Hunt, Gottier, and Vogeltanz, were hired by Hunt, Gottier, and Vogeltanz to render advice as to specific legal matters. Thus, plaintiffs have not alleged facts that would support a finding of controlling person liability. Orloff v. Allman, 819 F.2d 904, 906 (9th Cir.1987).
 
 
 6
 Plaintiffs' section 10(b), Rule 10b-5, and RICO claims are subject to Rule 9(b) of the federal rules of procedure. See Moore, 885 F.2d at 539-41 ("Rule 9(b) ... applies to ... actions brought under section 10(b), ... rule 10b-5" and RICO); Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir.1987) (Rule 9(b) applies to actions under section 10(b) as well as Rule 10b-5). This rule provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition[s] of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). NATURALLY, PLAINTIFFS COMMON LAW FRAUD CLAIM IS ALSO GOVERNED BY RULE 9(B).[1]
 
 
 7
 FOR THE REASONS CITED BY THE DISTRICT COURT, WE HOLD THAT PLAINTIFFS HAVE NOT PLED FRAUD WITH SUFFICIENT PARTICULARITY TO SATISFY THE DICTATES OF RULE 9(B). PLAINTIFFS' FIFTH AMENDED COMPLAINT DOES NOT CURE THE LACK OF SPECIFICITY WITH REG ARD TO THE CONTENT OF THE MISREPRESENTATIONS AND OMISSIONS, NOR DOES IT PROVIDE A LINK BETWEEN SUCH ACTS AND THE DEFENDANTS. MERELY ALLEGING THAT THE DEFENDANTS ACTED "INDIRECTLY THROUGH DEFENDANTS HUNT AND VOGELTANZ" IS NOT ENOUGH TO LIN IN K THEM TO THE ALLEGEDLY FRAUDULENT ACTS. AS THE DISTRICT COURT STATED, "[T]HIS TYPE OF PLEADING IS TOO GENERAL TO ALLOW THE ATTORNEY DEFENDANTS TO PREPARE AN ANSWER." " The plaintiffs were given numerous opportunities to allege adequate facts to support their section 10(b), Rule 10b-5, common law fraud, and RICO claims, yet repeatedly failed to remedy the problems in their pleadings. Thus, we hold that the district court did not abuse its discretion when it dismissed these claims with prejudice. United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America, 919 F.2d 1398, 1402 (9th Cir.1990); Moore, 885 F.2d at 539-42.
 
 II
 
 8
 The district court dismissed a number of plaintiffs' state law claims with prejudice on the basis of Rule 9(b). Specifically, the district court dismissed with prejudice plaintiffs' claims for violations of O.R.S. 59.115(1)(b) and 59.135, which are Oregon securities fraud statutes, and O.R.S. 166.715 et seq., which is Oregon's equivalent of RICO. The district court also dismissed with prejudice plaintiffs' claim for violation of R.C.W. 21.20.010, which is a Washington securities fraud statute.
 
 
 9
 If Rule 9(b) applies to these state-law claims, they were properly dismissed, as plaintiffs have repeatedly failed to plead fraud with particularity. Plaintiffs argue that Rule 9(b) does not apply to these claims because the state statutes in issue do not require plaintiffs to prove that defendants had a specific intent to defraud. THEREFORE, THEY ARGUE THAT THE STATE CLAIMS ARE NOT ACTUALLY "FRAUD" CLAIMS WITHIN THE MEANING OF RULE 9(B).).[2] Plaintiffs' argument is incorrect.
 
 
 10
 WHETHER THE STATE STATUTES REQUIRE PROOF OF SCIENTER IS IRRELEVANT TO THE CLAIMS' CLASSIFICATION AS AVERMENTS OF FRAUD UNDER RULE 9(B). FIRST, THIS COURT HAS APPLIED RULE 9(B) TO FRAUD CLAIMS THAT DO NOT REQUIRE A SHOWING OF SCIENTER. IN % SEMEGEN V. WEIDNER, 780 F.2D 727, 731 (9TH CIR.1985), THE COURT APPLIED RULE 9(B) TO A CLAIM UNDER SECTION 17(A) OF THE SECURITIES ACT OF 1933.[3] LONG BEFORE OUR DECISION IN SEMEGEN, THE SUPREME COURT HELD THAT LIABILITY UNDER SUBSECTIONS 17(A)(2) AND 17(A)(3) DID NOT REQUIRE A SHOWING OF SCIENTER. Aaron v. SEC, 446 U.S. 680, 701-02 (1979). ALTHOUGH SUBSECTIONS 17(A)(2) AND (3) DO NOT REQUIRE SCIENTER, THE effect OF COMMITTING THE CONDUCT OUTLINED IN THE SUBSECTIONS IS TO DEFRAUD SOMEONE. Id. at 696-97. THE FACT THAT A STATUTE DOES NOT REQUIRE AN INTENT TO DEFRAUD DOES NOT STRIP THE STATUTE OF ITS "ANTIFRAUD" CHARACTER. THUS, THE PRESENCE OF SCIENTER IS NOT THE KEY INGREDIENT TO AN ACTION FOR FRAUD.
 
 
 11
 Second, both of the Oregon securities statutes in issue create statutory "fraud" actions. O.R.S. 59.115(1)(b) is violated in the event of a negligent misstatement or omission of a material fact. THE OREGON SUPREME COURT HAS TREATED CLAIMS UNDER THIS SECTION AS SECURITIES FRAUD CLAIMS. See, e.g., Foelker v. Kwake, 568 P.2d 1369 (Or.1977) (affirming judgment for plaintiff in an "action for fraud under ... ORS 59.115(1)(b)"). The other Oregon statute in issue, O.R.S. 59.135, is closely modeled after Rule 10b-5, a rule which is promulgated pursuant to section 10(b) of the Securities Exchange Act. See Held v. Product Mfg. Co., 592 P.2d 1005, 1007 (Or.1979) ("parties agree that ORS 59.135 is similar to federal Rule 10b-5."). Just as claims for relief based on Rule 10b-5 are subject to Rule 9(b), so are claims for relief based on section 59.135. Thus, we hold that the district court properly dismissed with prejudice plaintiff's actions under O.R.S. 59.115(1)(b) and O.R.S. 59.135.
 
 
 12
 Similarly, Oregon's RICO action, which is founded on O.R.S. 166.715 et seq. ("ORICO"), closely parallels the federal RICO action. Indeed, the Oregon courts have noted that ORICO is patterned after RICO, and that Oregon courts look to federal interpretations of RICO when interpreting ORICO. State v. Blossom, 744 P.2d 281, 283 (Or.App.1987), rev. denied, 749 P.2d 136 (Or.1988). "We have applied the particularity requirements of rule 9(b) to RICO claims." Moore, 885 F.2d at 541 (citations omitted). Thus, Rule 9(b) applies to ORICO when, as in this case, the predicate offenses that underlie the ORICO claim involve fraud. As such, we hold that the district court properly dismissed with prejudice plaintiffs' ORICO claim for relief.
 
 
 13
 Although plaintiff's complaint is vague, we believe that the district court correctly concluded that the plaintiffs' seventh claim for relief is predicated on R.C.W. 21.20.010, a Washington securities fraud statute which is similar to the federal securities regulation in Rule 10b-5. Plaintiffs' seventh claim for relief invokes only R.C.W. 21.20.430. However, section 21.20.430 is a mere enabling provision; it allows private actions for violations of either section 21.20.010, the securities fraud provision, or sections 21.20.140 through 21.20.230, which deal with registration of securities. Since plaintiffs already allege violations of sections 21.20.140 through 21.20.230 in their fourth claim for relief, the general reference to section 21.20.430 in plaintiffs' seventh claim for relief must be an attempt to invoke section 21.20.010.
 
 
 14
 Rule 9(b) was properly applied to plaintiffs' section 21.20.010 claim. Section 21.20.010 is closely modeled on Rule 10b-5. Although section 21.20.010 mimics Rule 10b-5 in most respects, section 21.20.010 does not impose the scienter requirement of Rule 10b-5 and section 10(b). In Kittilson v. Ford, 608 P.2d 264 (Wash.1980), the Washington Supreme Court refused to require that a plaintiff prove that defendant had a specific intent to deceive in order to recover under section 21.20.010. Instead, the court reaffirmed Shermer v. Baker, 472 P.2d 589 (Wash.App.1970), rev. denied, 78 Wash.2d 994 (1970). Kittilson, 608 P.2d at 265-66. In Shermer the Washington Court of Appeals had held: "[I]n an action brought under R.C.W. 21.20.010, a plaintiff need neither plead nor prove that defendant intended to deceive him by the misrepresentation or omission. It is sufficient that the plaintiff relied upon the misrepresentation or omission of a material fact." Id. at 597. As we have noted, the fact that a plaintiff need not prove that defendant intended to deceive him to recover under section 21.20.010 does not prevent 21.20.010 from being a "fraud" statute within the meaning of Rule 9(b). See supra. We hold that the district court properly dismissed with prejudice plaintiffs' claim under R.C.W. 21.20.010.
 
 III
 
 15
 We agree with the district court's analysis of the plaintiffs' Oregon state-law negligence claim. Plaintiffs' strenuous reliance on the "Fazzolari trilogy" is misplaced.[4] Fazzolari addresses only one element, duty, of only one type of legal action, tort actions for negligence. As the Oregon Supreme Court has said:
 
 
 16
 The cases now referred to as the Fazzolari trilogy were an attempt to clarify one aspect of common law tort liability; they should not be treated as if they were a restructuring of all negligence law. They dealt with one major problem: the common reliance on the defense of "no duty" to short-circuit the proper examination of the facts in a particular case. We hope the opinions made it clear that, in the absence of specific legal duties, questions of foreseeable risk and reasonable action in light of the risk ordinarily depend on examining a defendant's actions in the particular circumstances.
 
 
 17
 Bellikka v. Green, 306 Or. 630, 762 P.2d 997, 1003 (1988) (footnote omitted) (emphasis added).
 
 
 18
 Under Oregon law, Fazzolari has no application to plaintiffs' negligence claim. Indeed, under Oregon law the attorney-defendants owe a duty to avoid harming plaintiffs by their negligence only if such a duty is supplied by a body of law aside from the law of negligence itself. In Ramirez v. Selles, 784 P.2d 433 (1989), Judge Linde, the author of the Fazzolari trilogy, wrote for the Oregon Supreme Court: "Negligent injury to one person that harms another's contract or other economic relationship is not a tort, at least not unless some duty of defendant outside negligence law itself protects the injured interest of the plaintiff against negligent invasion." Id. at 436. In the instant case, as in Ramirez, plaintiffs have not shown that the attorney-defendants have a duty towards them, founded in law aside from the law of negligence itself, that causes the attorney-defendants to be liable to plaintiffs. Thus, in this case, as in Ramirez, plaintiffs' negligence claim against the attorney-defendants fails.
 
 IV.
 
 19
 Defendants maintain that this court should award attorney's fees as a sanction for bringing a frivolous appeal. This court has discretion to award attorney's fees and single or double costs to sanction appellants who bring a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1417 (9th Cir.1990), cert. denied, 111 S.Ct. 1019 (1991). An appeal is frivolous when "the result is obvious or the appellant's arguments are wholly without merit." Adriana Int'l Corp, 913 F.2d at 1417 (citing Glanzman v. Uniroyal, Inc., 892 F.2d 58, 61 (9th Cir.1989)). " '[A]n appeal that lacks merit is not always frivolous.' " Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 212 (9th Cir.1987) (quoting Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986)).
 
 
 20
 Although plaintiffs' fraud based claims might be considered tenuous given the numerous opportunities to amend the complaint, we do not believe that, on the whole, the appeal is frivolous. Indeed, defendants fail to give any reason demonstrating the appeal's frivolity. See Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir.) (denying appellee's motion for fees because court was "not persuaded that a sufficient showing has been made to warrant imposition of sanctions on appeal"), cert. denied, 110 S.Ct. 168 (1989). Plaintiffs' negligence claim is not wholly without merit, nor was their argument that the state law fraud claims were not subject to Rule 9(b). The negligence argument was complex in that the existence of a duty in this particular situation was not clear without an intricate examination and application of case law. Similarly, the applicability of Rule 9(b) to state statutes that do not demand proof of intent to defraud required this court to examine the statutes and demonstrate why the state statutes are considered fraud statutes. While the result may have been obvious with regard to the federal securities, RICO, and common law fraud claims, this is not true with regard to the state-statutory fraud and negligence claims.
 
 
 21
 The orders of the district courts are AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although common law fraud is a state-law claim, we discuss it with the federal claims because the analysis is identical
 
 
 [2]
 PLAINTIFFS ATTEMPT TO SUPPORT THIS ARGUMENT BY ASSERTING THAT THE STATE STATUTES ARE AKIN TO RULE 10B-5 IN THAT THE RULE DOES NOT REQUIRE A SHOWING OF SCIENTER. THIS IS A VERY CURIOUS ARGUMENT GIVEN THE HOLDINGS IN Ernst & Ernst v. Hochfelder, 425 U.S. 185 (1976) AND Aaron v. SEC, 446 U.S. 680 (1980). IN Ernst, THE UNITED STATES SUPREME COURT HELD THAT A PRIVATE CAUSE OF ACTION UNDER SECTION 10(B) AND RULE 10B-5 REQUIRED AN ALLEGATION OF SCIENTER. ID. AT 193. THE COURT EXPANDED THIS RULE IN AARON BY HOLDING THAT "SCIENTER IS AN ELEMENT OF A VIOLATION OF § 10(B) OR RULE 10B-5, REGARDLESS OF THE IDENTITY OF THE PLAINTIFF OR THE NATURE OF THE RELIEF SOUGHT." Id. at 691. THUS, RULE 10B-5 IS NOT SIMILAR TO THE STATE SECURITIES LAWS IN ISSUE. MOREOVER, EVEN IF PLAINTIFFS WERE CORRECT, AND RULE 10B-5 DID NOT REQUIRE A SHOWING OF SCIENTER, THEIR ARGUMENT FAILS BECAUSE RULE 9(B) CLEARLY APPLIES TO ACTIONS UNDER RULE 10B-5. Moore, 885 F.2d at 540. In any event, as we explain in this memorandum, proof of scienter is not required to characterize a claim as an averment of fraud under Rule 9(b)
 
 
 [3]
 Section 17(a) provides:
 It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly--
 (1) to employ any device, scheme, or artifice to defraud, or
 (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
 (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser. 15 U.S.C. § 77q(a).
 
 
 [4]
 The "Fazzolari trilogy" consists of the following three cases: Fazzolari v. Portland School District No. 1J, 734 P.2d 1326 (1987); Kimbler v. Stillwell, 734 P.2d 1344 (1987); Donaca v. Curry County, 734 P.2d 1339 (1987)