

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR T. NUMRICH, | No. 13-35405 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-01594-HU |
| v. | |
| UWEMEDIMOH WAYNE NTEKPERE, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted March 10, 2015**

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Edgar T. Numrich appeals pro se from the district court's judgment

dismissing his diversity action alleging state law violations. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Civil Procedure 12(b)(6), *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1030 (9th Cir. 2008), and we affirm.

The district court properly dismissed Numrich's claims for negligence, negligent misrepresentation, and negligent infliction of emotional distress because he failed to allege a relationship with defendant that created a heightened duty of care. *See Onita Pac. Corp. v. Trs. of Bronson*, 843 P.2d 890, 896 (Or. 1992) (negligence claims for economic loss must be "predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm"); *Paul v. Providence Health Sys.-Oregon*, 240 P.3d 1110, 1119 (Or. Ct. App. 2010), *aff'd on other grounds*, 273 P.3d 106 (Or. 2012) (to recover for negligent infliction of emotional distress without alleging physical injury, a plaintiff must identify a heightened duty of care).

The district court properly dismissed Numrich's claim for negligent interference with economic expectation because no such cause of action exists under Oregon law. *See Ramirez v. Selles*, 784 P.2d 433, 436 (Or. 1989) ("Negligent injury to one person that harms another's contract or other economic relationship is not a tort, at least not unless some duty of defendant outside negligence law itself protects the injured interest of the plaintiff against negligent

2                                                                      13-35405

invasion."). To the extent Numrich was attempting to bring a claim for intentional interference with economic relations, the district court properly dismissed it. *See McGanty v. Staundenraus*, 901 P.2d 841, 844 (Or. 1995) (discussing the requirements for a claim of intentional interference with economic relations under Oregon law).

The district court did not abuse its discretion by denying leave to amend the first amended complaint because further amendment would have been futile. *See Manzarek*, 519 F.3d at 1031 (setting forth standard of review and explaining that denial of leave to amend is improper unless it is clear that the complaint could not be saved by amendment); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (a district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended).

**AFFIRMED.**